IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) JANET MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| vs.   ) | Case No. |
| ) | |
| (1) AMERICAN GENERAL LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant American General Life Insurance Company, with a full reservation of its rights, defenses, exceptions, objections, and claims and without waiver thereof, removes to this Court the state-court action styled <u>Janet McDonald v. American General Life Insurance Company</u>, No. CJ-2011-8258 in the District Court of Oklahoma County, Oklahoma.

**THE REMOVED CASE**

1.  The removed case is a civil insurance action filed on October 28, 2011, in the District Court of Oklahoma County, Oklahoma. (<u>See</u> Petition, attached as Exhibit 1).

2.  Plaintiff served Defendant by sending a copy of the Petition and Summons to the Oklahoma Insurance Commissioner pursuant to 36 O.S. § 621. According to documents Defendant received from the Insurance Commissioner, the Oklahoma Insurance Commissioner received the Summons and Petition on December 6, 2011, and sent copies of both to Defendant that same day. (<u>See</u> Letter from Oklahoma Insurance Commissioner and

Summons, attached as Exhibits 2 and 3, respectively). According to the Return of Service filed by Plaintiff, the Summons and Petition were served on the Insurance Commissioner on December 5, 2011. (See, Return of Service of Summons attached as Exhibit 4). This Notice of Removal was filed less than 30 days from the earliest possible date of service, December 5, 2011.

## PAPERS FROM REMOVED ACTION

3.	As required by 28 U.S.C. § 1446(a), attached are copies of all process, pleadings, and orders filed in this matter in the District Court of Oklahoma County, Oklahoma. (See Exhibits 1, 2, 3, 4 and Defendant's Entry of Appearance, Plaintiff's Entry of Appearance, and Defendant's Answer, attached as Exhibits 5, 6, and 7, respectively). No other pleadings or papers have been served upon Defendant. Pursuant to LCvR 81.2, Defendant has attached as Exhibit 8 a copy of the Docket Sheet for this matter from the District Court of Oklahoma County, Oklahoma.

## CONSENT FOR REMOVAL

4.	Because there is only one defendant, all defendants who have been identified and served join in and consent to this Notice of Removal.

## GROUNDS FOR REMOVAL

5.	A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a) and (b). This Court has diversity jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

6. Plaintiff is a citizen of Oklahoma who resides in Oklahoma County, OK. (See, Ex. 1, ¶1).

7. Defendant American General Life Insurance Company is a Texas corporation with its principal place of business in Houston, Texas. (Exhibit 1, ¶ 2, and Exhibit 7, ¶III).

8. Accordingly, this action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

9. Furthermore, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs.

10. If a complaint does not limit its request for damages to a precise amount, it is proper for the District Court to make an independent appraisal of the value of plaintiff's claims. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Angus v. Shiley, Inc., 989 F.2d 142, 146 (3rd Cir. 1993); Maxon v. Texaco Refining & Marketing Inc., 905 F. Supp 976, 978-79 (N.D. Okla. 1995). The amount in controversy requirement is met if, among other things, "it is apparent from the face of the petition that the claims are likely to exceed $75,000.00." Manguno, 276 F.3d at 723. The amount in controversy is satisfied unless "it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." McPhail v. Deere & Co., 529 F.2d 947, 955 (10th Cir. 2008) (quoting Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006)).

11. In this case, Plaintiff's claims exceed the jurisdictional minimum of $75,000.00. In the Petition, "Plaintiff prays for judgment against Defendant, in an amount in excess of $75,000.00 actual damages and punitive damages. . . ." (Ex. 1, p. 2). Demands for punitive damages may be included in determining the amount in controversy. Kaufman v. Allstate N.J. Ins. Co., 561 F.3d 144, 151-52 (3rd Cir. 2009).

12. In addition to the allegations contained in the complaint or petition, "other documentation can provide the basis for determining the amount in controversy–either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward." McPhail v. Deere & Co., 529 F.3d at 956. The life insurance policy which Plaintiff claims Defendant failed to honor had a benefit amount of $1.9 million. (See Affidavit of Liza Glass, attached as Exhibit 9). Therefore, the amount in controversy for Plaintiff's breach of contract claim alone exceeds the jurisdictional minimum.

13. Accordingly, because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Thus, Defendant may properly remove this action to this Court pursuant to the provisions of 28 U.S.C. § 1441.

14. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after Defendant's receipt of the initial pleading.

15.     Pursuant to 28 U.S.C. § 1441(a), the state court action is pending within the judicial district of this Court.

16.     No previous Notice of Removal has been filed in or made to this Court.

17.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being provided to all adverse parties.  Written notice of the filing of this Notice of Removal will be given to Plaintiff through her counsel.

18.     Also pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, along with a true and correct copy of this Notice of Removal, is being filed with the Court Clerk of the District Court of Oklahoma County, Oklahoma.

19.     No hearings have been scheduled by the District Court of Oklahoma County, Oklahoma, in this matter.

20.     Defendant reserves the right to amend or supplement this Notice of Removal and submit evidence supporting it in the event Plaintiff moves to remand.

WHEREFORE, Defendant American Life Insurance Company prays that the Court take notice of the removal of this civil action and that further proceedings in the District Court of Oklahoma, Oklahoma, be discontinued and that this action be recognized as removed to and pending on the docket of the United States District Court for the Western District of Oklahoma, as the law in such cases provides.

*s/Michael T. Maloan*
Larry D. Ottaway, OBA No. 6816
larryottaway@oklahomacounsel.com
Michael T. Maloan, OBA No. 15097
michaelmaloan@oklahomacounsel.com
FOLIART, HUFF, OTTAWAY & BOTTOM
201 Robert S. Kerr Avenue, 12th Floor
Oklahoma City, OK 73102
Telephone: 405-232-4633
Facsimile: 405-232-3462

ATTORNEYS FOR DEFENDANT
AMERICAN GENERAL LIFE INSURANCE
COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2012, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of court will transmit a Notice of Electronic Filing to the ECF registrants listed below. In addition, a true and correct copy of the foregoing instrument was delivered via U.S. Mail to the following:

Phillip G. Whaley
Jason A. Ryan
Chance L. Pearson
Ryan Whaley Coldiron Shandy PLLC
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
　　Attorneys for Plaintiff

*s/Michael T. Maloan*